UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DeVONNE CHARLES HOUSTON,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C06-5283RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**APRIL 27, 2007**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action pursuant to 28 U.S.C. § 2254.

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges his Pierce County convictions for one count of Unlawful Possession of a Controlled Substance with Intent to Deliver Cocaine, and one count of Unlawful Possession of a Firearm in the First Degree (Dkt. # 17, Exhibit 1). The jury returned special verdicts for use of a firearm on the Unlawful Possession of a Controlled Substance with Intent to Deliver charge (Dkt. # 17, Exhibit 1).

Mr. Houston was sentenced to 41 months for count one, 36 months for count two and a 72 months firearm sentence enhancement on count I for a total of 113 months (Dkt. # 17, Exhibit 1). The 41 month sentence and the 36 month sentence appear to run concurrently with the 72 month

REPORT AND RECOMMENDATION
Page - 1

enhancement being consecutive to count I (Dkt. # 17, Exhibit 1).

The case is on remand.  Originally Mr. Houston submitted a mixed petition.  After the respondent answered, Mr. Houston filed a motion to dismiss his unexhausted claim (Dkt. # 20).  The court issued a Report and Recommendation that the unexhausted claim be dismissed and the exhausted claims could then proceed (Dkt. # 20).  An order adopting that Report and Recommendation was entered and the case was remanded (Dkt. # 26).

Petitioner challenges the sufficiency of the evidence supporting the finding that he was knowingly in possession of a firearm.  This issue implicates both the possession of a firearm in the first degree conviction and the firearm sentence enhancement on his other conviction.  After reviewing the materials submitted by the parties, including the trial transcript, the court recommends **DENYING** the petition.

## SENTENCE, CONVICTION, AND FACTS

Petitioner was found guilty after a jury trial (Dkt. # 17, Exhibit 1).  The facts were summarized by the Washington State Court of Appeals as follows:

> On November 5, 2002, Trooper Linda Allen stopped a car that was traveling between 76-78 miles per hour in a 60 mile per hour zone. Devonne Charles Houston (Houston) was the driver, and Leroy Houston was the passenger. As Allen approached the car, she immediately detected an order of marijuana. She asked whether there was any marijuana in the car, and Houston gave her a bag of marijuana, a marijuana pipe from the center console, and a bag of white powder that had fallen out of the center console as he retrieved the marijuana pipe. Allen arrested both men.
>
> Trooper Hall searched the car incident to the arrests. He found a wallet containing $784 dollars and Houston's social security card in Houston's name. He also found a pistol under the front passenger seat. A drug dog sniffed narcotics on the wallet, and Hall observed that the gun was loaded, cocked and ready to be fired. Houston acknowledged that "he was the owner of the car." [Court's footnote 1: Report of Proceeding at 145.]
>
> The State charged Houston with unlawful possession of a controlled substance with intent to deliver, committed while armed with a firearm (Count I), and with first degree unlawful possession of a firearm (Count II).
>
> On January 27, 2003, a jury trial began. Houston stipulated that he had previously been convicted of a serious offense for purposes of Count II. The State introduced without objection certified documents showing that Houston owned the car. Officer Yenne testified that 200 or 300 pieces of rock cocaine were in the bag that Houston had given Allen, and that in Yenne's experience that amount of rock cocaine was not usually for personal use. Houston testified that he had been stopped while giving LeRoy a ride home from Kimberly Adams' house; that the gun was not his; and that

he had not known the gun was in his car. Adams testified that she had bought the gun and put it in Houston's car without his knowledge. The jury found that Houston was guilty as charged and that he had committed Count I while armed with a firearm. The trial court imposed a standard range sentence of 113 months, including 72 months for the firearm.

(Dkt. # 17, Exhibit 1).

## PROCEDURAL HISTORY

Petitioner, through counsel, filed a direct appeal (Dkt. # 17, Exhibit 3).  He raised the following issues:

1. There was insufficient evidence for the jury to find that Houston constructively possessed a weapon.

2. The trial court erred in giving the Court's instructions No. 24 and 25, the sentencing enhancement special verdict instructions, where those instructions did not state all the elements necessary for the jury to make such a finding.

3. Trial counsel was ineffective in failing to object to the Court's instructions No. 24 and 25, because the instructions did not state all of the elements necessary for a special verdict on a firearm enhancement.

(Dkt. # 17, Exhibit 3).  In the Washington State Court of Appeals decision affirming the conviction and sentence, the court found the evidence was sufficient to convict Mr. Houston of constructive possession of a weapon and affirmed both the possession of a firearm conviction and the sentence enhancement.  (Dkt. # 17, Exhibit 2).

Mr. Houston filed a petition for review that did not include his jury instruction claim.  The Washington State Supreme Court denied review (Dkt. # 17, Exhibits 5 and 7).

This petition followed.  Mr. Houston raises the following grounds:

1. Insufficient evidence to find [Mr. Houston] guilty of Unlawful Possession of a Firearm in the First Degree.

Gun was not mine. Gun was not on my person. State examined me but not asked [sic] about the gun. I denied ownership or knowledge about the gun. Owner testified and was examined by the State. Owner claimed the gun and confirmed my innocence.

2. The Court of Appeals based their decision on false pretenses.

They claimed that even though the owner claimed the gun, without my knowledge, owner did not know what type of gun it was, how much it was worth, or how many bullets were in it. Well, the transcripts from trial contradicts the Court of Appeals opinion along with the owner's certified affidavit to the court before my trial.

3. Ineffective Assistance of Counsel for failure to request a unwitting possession instruction.

REPORT AND RECOMMENDATION
Page - 3

> My trial attorney had a duty to represent me to his best ability. He did not give a unwitting possession instruction so the jury could not get a understanding of why I could not be in constructive possession.
>
> 4. Sentencing Error (Enhancement)
>
> I had no knowledge of a firearm to be committing a felony while armed so the 72 month flat enhancement is an error.

(Dkt. # 4). The third ground for review has been dismissed. All of the remaining grounds address whether there was sufficient evidence to find Mr. Houston guilty of constructive possession of a firearm.

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S.

REPORT AND RECOMMENDATION
Page - 4

37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

Sufficiency of the evidence.

Evidence is sufficient to support a criminal conviction if the record reasonably supports a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 320 (1979). The question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id., citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972).

1. Illegal possession of a firearm.

In Washington State unlawful possession of a firearm in the first degree is defined in RCW 9.41.040 (1)(a ) which states:

(1) (a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.

(b) Unlawful possession of a firearm in the first degree is a class B felony punishable according to chapter 9A.20 RCW.

See, R.W. 9.41.040

Mr. Houston admitted to having been previously convicted of a serious offense for the purposes of RCW. 9.42.040(1)(a). The Respondent concedes Mr. Houston did not have the gun in

REPORT AND RECOMMENDATION
Page - 5

his actual possession. The undisputed evidence shows troopers found the pistol in the car that Mr. Houston was driving. Mr. Houston owned the car and the gun was found under the passenger seat. The weapon was fully loaded, including a round in the chamber. The weapon was cocked and ready to fire.

Mr. Houston claims the gun belonged to his cousin and presented the testimony of his cousin, Ms. Adams. Ms. Adams testified that the gun was hers. The Washington State Court of Appeals considered this claim and held:

> Houston argues that the evidence is insufficient to support an inference that Houston constructively possessed the gun, and thus that it is also insufficient to support a verdict of guilty on Count II. Evidence is sufficient to prove first degree unlawful possession of a firearm if, when viewed in light most favorable to the prosecution, it permits a rational trier of the fact to find beyond a reasonable doubt that the defendant knowingly had a firearm in his possession or control after being convicted of a serious offense. Evidence shows constructive possession if it supports an inference that the defendant had dominion and control over the firearm or the vehicle in which the firearm was found. One may constructively possess a firearm jointly with another person.
>
> Taken in the light most favorable to the State, the evidence here supports and inference that Houston had dominion and control over both the car and the firearm. Houston was the registered owner of, and was driving, the car in which the gun was found. Houston himself stated that he owned the car. Houston was in close proximity to the gun and also to a large quantity of drugs in the console. Adams claimed the gun was hers, but she did not know what type of gun it was, how much it was worth, or how many bullets were in the gun. Having considered the totality of the circumstances, we think the evidence is sufficient for a rational trier of fact to find Houston constructively possessed the gun found in his car.

(Dkt. # 17, Exhibit 2). Review of the trial transcript supports the Washington State Court of Appeals holding (Dkt. # 25). The jury had enough evidence before it to conclude that petitioner was in constructive possession of the handgun and he admits to the prior serious offense. Sufficient evidence on every element of the crime is present. The Washington State Court of Appeals holding is not contrary to, and does not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Further, the state court holding does not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.

    2.    <u>Sentence enhancement.</u>

RCW 9.94A.602 states:

REPORT AND RECOMMENDATION
Page - 6

> In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.
>
> For purposes of this section, a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas.

See, RCW 9.94A.602. The jury in this case found Mr. Houston to be guilty of possession of a controlled substance with intent to deliver (Dkt. # 17, exhibit 1). Mr. Houston does not contest that finding of guilt. The jury returned a special verdict regarding his being armed with a firearm. The analysis at this point merges with the argument regarding constructive possession.

In this case the jury weighed conflicting evidence and found Mr. Houston had constructive possession of a gun. This petition is without merit.

## CONCLUSION

This petition is without merit and should be **DENIED.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the caption.

Dated this 2 day of April, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge