UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DE VONNE C. HOUSTON,

    Petitioner,

    v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C06-5283RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Hon. J. Kelley Arnold, United States Magistrate Judge. Dkt. 28. The Court has considered the Report and Recommendation and the remaining record.

## I.  FACTS

The Petitioner filed this action pursuant to 28 U.S.C. § 2254, challenging his Pierce County convictions of one count of Unlawful Possession of a Controlled Substance with Intent to Deliver Cocaine, and one count of Unlawful Possession of a Firearm in the First Degree. Dkt. 4. Petitioner was sentenced to 41 months for count one, 36 months for count two, and a received a deadly weapons sentence enhancement of 72 months on count one, for a total of 113 months (counts one and two are being served concurrently). State Court Record, Exhibit 1, at 4.

Petitioner asserts that: 1) there was "[i]nsufficient evidence to find [Petitioner] guilty of unlawful possession of a firearm" 2) the "Court of Appeals based there [sic] decision on false pretenses," 3) he received ineffective assistance of counsel, and 4) there was a "sentencing error" as to the deadly weapon sentence enhancement. Dkt 4. Petitioner's motion to voluntarily dismiss his

ORDER - 1

ineffective assistance of counsel claim was granted. Dkt. 26.

The facts surrounding Petitioner's arrest, trial, and conviction are related in the Report and Recommendation, and need not be repeated here. Petitioner did not file objections to the Report and Recommendation.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 2254, this Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner does not dispute that his remaining claims, which challenge the sufficiency of the evidence supporting the possession of a firearm conviction and deadly weapon sentence enhancement, implicate the Due Process Clause. Indeed, "[a]s a matter of federal constitutional law, 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005)(*quoting In re Winship,* 397 U.S. 358, 364 (1970). When challenging the sufficiency of the evidence used to obtain a state conviction, a petitioner for a federal writ of habeas corpus faces a heavy burden. *Id*. "In *Jackson v. Virginia,* the Supreme Court held that 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (*quoting* 443 U.S. at 319)(*emphasis in original*). The standards of *Jackson* are applied with an additional layer of deference as found in 28 U.S.C. § 2254(d). *Id*. Under 28 U.S.C. § 2254(d), a habeas corpus petition shall not be granted with "respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim 1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court shall be presumed correct. 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of

ORDER - 2

correctness by clear and convincing evidence." *Id*.

This opinion will now turn to the challenged conviction of unlawful possession of a firearm in the first degree and then to the deadly weapon sentence enhancement.

### A. Sufficiency of the Evidence for the Possession of a Firearm Conviction - Addressing Petitioner's First and Second Grounds for Relief

Although the sufficiency of the evidence review is grounded in the Fourteenth Amendment, the inquiry is undertaken with reference to the elements of the criminal offense as set forth by state law. *Juan H.,* at 1275. Washington law provides that "[a] person . . . is guilty of the crime of unlawful possession of a firearm in the first degree if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted . . . of any serious offense." RCW 9.41.040(1)(a).

As stated in the Report and Recommendation, the Washington Court of Appeals holding affirming the jury's verdict is not contrary to, and does not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Moreover, the decision did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court of Appeals held that "[e]vidence is sufficient to prove first degree unlawful possession of a firearm if, when viewed in light most favorable to the prosecution, it permits a rational trier of fact to find beyond a reasonable doubt that the defendant knowingly had a firearm in his possession or control after being convicted of a serious offense." State Court Record, Exhibit 2, at 3.

Petitioner conceded at trial that he had been convicted of a serious offense prior to this incident. The evidence presented at trial was sufficient to find that Petitioner constructively possessed a firearm when he was stopped. Petitioner owned and was driving the car where the gun was found under the front passenger seat. Supplemental State Court Record, Exhibit 8, at 44, 48, and 99. The gun was within easy reach of the Petitioner as driver. It was fully loaded, cocked, and ready to fire. *Id.* at 136. Although Petitioner argued that the gun belonged to a cousin, who testified at trial, a rational trier of fact could have discounted that testimony as less than credible. His cousin,

ORDER - 3

Ms. Adams, testified that she bought the gun with drugs, though she did not know what a gun like would cost. *Id.* at 236. She indicated that it was her intent to trade the gun for more drugs. *Id.* Yet, she left the gun in the car while she entered a residence. *Id.* at 242-243. She testified that she was high before and after she rode in Petitioner's car. *Id.* at 245.

### B. Sufficiency of the Evidence for the Deadly Weapon Sentence Enhancement - Addressing Petitioner's Fourth Ground for Relief

As stated in the Report and Recommendation the Washington Court Appeal's decision upholding the jury's finding regarding the deadly weapon sentence enhancement, under RCW 9.94A.602, was also not contrary to, and does not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor did the opinion result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The sentence enhancement shares the same analysis as the unlawful possession of a firearm above. This petition should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 28); this petition is **DISMISSED**; and,

(2) The clerk is directed to send copies of this Order to Petitioner, and to the Hon. J. Kelley Arnold**.**

DATED this 9th day of May, 2007.

ROBERT J. BRYAN
United States District Judge

ORDER - 4